## PERKINS GLUE CO. v. GOULD MFG. CO. et al.

## SAME v. WISCONSIN CHAIR CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   June 18, 1923.   Rehearing Denied
October 1, 1923.)

Nos. 3245, 3246.

Patents ⬡⇒328—Reissue 13,436, claims 28, 30, and 31, for glue, held not in-
fringed.

The Perkins reissue patent, No. 13,436, claims 28, 30, and 31, for a wood
and fiber glue, *held* limited to the product of the valid processes describ-
ed in its other claims, and, as so limited, not infringed.

Appeals from the District Court of the United States for the East-
ern District of Wisconsin.

Separate suits in equity by the Perkins Glue Company against the
Gould Manufacturing Company and others and against the Wisconsin
Chair Company and others. Decrees for defendants, and complainant
appeals.   Affirmed.

For opinion below, see 280 Fed. 728.

Thomas Ewing and Gorham Crosby, both of New York City, for
appellant.

Wm. H. Davis, of New York City, for appellees.

Before BAKER and PAGE, Circuit Judges, and CARPENTER,
District Judge.

BAKER, Circuit Judge.   In each of these cases appellant based its
complaint upon claims 28, 30, and 31 of reissue patent No. 13,436,
July 2, 1912, for improvements in glue and the method of making the
same.   The bills were dismissed on the ground of noninfringement.
See 280 Fed. 728.

The claims in suit read as follows:

"28. A glue comprising cassava carbohydrate rendered semifluid by diges-
tion and having substantially the properties of animal glue.

"30. A wood and fiber glue formed of a starchy carbohydrate or its equiva-
lent by union therewith of about three parts or less by weight of water and
alkali metal hydroxid.

"31. A wood and fiber glue containing amylaceous material as a base dis-
solved without acid in about three parts of water or less, and being viscous,
semifluid, and unjellified."

In Solva Glue Co. v. Perkins Glue Co., 251 Fed. 64, 163 C. C. A.
314, this court considered the validity and scope of this same patent in
view of the prior art.   And in Perkins Glue Co. v. Standard Furniture
Co. (C. C. A.) 287 Fed. 109, the Circuit Court of Appeals for the
Second Circuit has recently given its estimate of this patent, in view
of the prior art and prior decisions.

From the former decision in this court it appears that the patent
contains five classes of claims:   (1) The process of making from starch
a base for glue;   (2) the glue base as a product;   (3) the process of
converting the glue base into glue;   (4) the combination of the two afore-

said processes; (5) claims for glue as a product. The first three groups were held to be invalid, the fourth and fifth were sustained, and the particular question now here for decision is whether the claims in group 5 are limited to a product that is the result of practicing the process of claims in group 4, or should extend to all glues made from starch bases irrespective of the method, provided only that they have the essential characteristics of the glue made by the process of the claims in group 4.

Though the decision in the Solva Case is not res adjudicata between the present litigants, we find no difficulty in following it on the principle of stare decisis. After reversing that part of the decree which sustained the claims for a glue base process and product and for the so-called second process as such, the mandate reads:

"And that part of the decree which upholds the claims of the patent for the final process (that is, the combination of the processes numbered 1 and 3 above) and the resultant product respectively is affirmed."

It seems to us that the court intended to limit the valid product claims to the product that resulted from practicing the valid process claims. Such was the interpretation put upon the opinion by Judge Sanborn when the case was returned to his court to execute the mandate, and the Perkins Glue Company failed to appeal from his consequent action; and the same valuation of the opinion in the Solva Case was made by the Court of Appeals for the Second Circuit in the Standard Furniture Case.

Following the final decree of Judge Sanborn, appellant filed in the Patent Office a disclaimer of all the claims for the glue base and all the claims for the process of making the glue base; and appellant further disclaimed "from claims 9, 10, 11, 12, 13, 14, and 38," which cover the second process, "any process of making glue excepting where the starch or starchy product or carbohydrate subjected to the process is degenerated," by use of the first process, "to the extent described in the said patent." In our judgment this disclaimer is a conclusive bar to appellant's attempt to monopolize a product, which does not depend at all for its existence upon the use of appellant's valid process claims.

In addition to the foregoing reasons, we may say that our view of the prior art leads us to the conclusion that the only patentably novel thing that could be attributed to Perkins's labors was the combination of two processes which severally were old, and that no product claims could validly be given a broader sweep of monopoly than inheres in the combined processes.

The decrees are severally affirmed.